UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

July 30, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Thomas K. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2097-CDA

Dear Counsel:

On July 19, 2024, Plaintiff Thomas K. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on December 6, 2018, alleging a disability onset of January 1, 2018. Tr. 226-34. Plaintiff's claims were denied initially and on reconsideration. Tr. 114-17, 123-27. On February 4, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 43-79. Following the hearing, on August 4, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 18-37. The Appeals Council denied Plaintiff's request for review, Tr. 3-5, and Plaintiff then appealed to this Court on June 13, 2022, Tr. 974-78. This Court remanded Plaintiff's case on January 18, 2023, to the Commissioner for further consideration, pursuant to the parties' consent. Tr. 973. On December 5, 2023, a different ALJ held another hearing. Tr. 938-61. On April 1, 2024, that ALJ concluded that Plaintiff was not disabled. Tr. 911-30. The second ALJ's decision constitutes the final, reviewable decision of the

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on July 19, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Thomas K. v. Bisignano*
Civil No. 24-2097-CDA
July 30, 2025
Page 2

SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since December 6, 2018, the application date." Tr. 916. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus, diabetic polyneuropathy, asthma, Generalized Anxiety Disorder, bipolar disorder, cannabis use disorder, and opioid use disorder." Tr. 916. The ALJ also determined that Plaintiff did not suffer from any non-severe impairments. Tr. 916. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 917. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he is further limited to: never climbing ladders, ropes, or scaffolds; occasional climbing of ramps or stairs; never being exposed to hazards, such as dangerous moving machinery and unprotected heights; frequent handling bilaterally; occasional operation of foot controls bilaterally; never operating a motor vehicle; occasional exposure to fumes, dusts, odors, gases, and poor ventilation; understanding, remembering, and carrying out simple instructions; making simple work-related decisions; can work at a consistent pace throughout the workday, but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas; tolerating occasional interaction with coworkers, supervisors, and the public; and tolerating occasional changes in work setting.

Tr. 919. The ALJ determined that Plaintiff was unable to perform past relevant work as a Warehouse Worker (DOT[3] #922.687-058), Automobile Detailer (DOT #915.687-034), Painter

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and

*Thomas K. v. Bisignano*
Civil No. 24-2097-CDA
July 30, 2025
Page 3

Helper, Automotive (DOT #845.684-014), and Crab Steamer (DOT #529.685-214), but could perform other jobs that existed in significant numbers in the national economy. Tr. 928. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 929.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff raises two arguments on appeal: that the ALJ (1) failed to comply with the directives of the Appeals Council by failing to explain how she decided that Plaintiff "can work at a consistent pace throughout the workday, but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas" and (2) failed to meet the burden at step five of demonstrating that there are significant numbers of jobs in the national economy that Plaintiff can perform. ECF 12, at 7-19; ECF 15, at 1-11. Defendant counters that (1) the ALJ's mental RFC finding is adequately defined, reflects Plaintiff's limitations, and allows for proper review by the Court; and (2) Plaintiff's challenge to the ALJ's step five finding fails because the ALJ identified at least one job that Plaintiff could perform. ECF 14, at 6-21.

Having reviewed the record, the Court agrees with Plaintiff that the ALJ erred in assessing Plaintiff's RFC. A claimant's RFC is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996). In cases that reach step five

---

explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

of the sequential evaluation process, an ALJ must pose hypothetical questions to a vocational expert to determine whether the claimant's RFC precludes the claimant from performing jobs existing in substantial numbers in the national economy. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

Plaintiff argues that "there is a material discrepancy between the ALJ's stated residual functional capacity limitation (avoiding production rate work) and the level of restriction Dr. Hamilton endorsed (requiring tasks that are entirely 'independent of time')." ECF 12, at 12-13. Plaintiff avers that Dr. Hamilton's "recommendation imposes a far stricter restriction than simply avoiding 'a production rate pace, such as on an assembly line or work involving monthly or hourly quotas,' as it establishes that Plaintiff's pace must be entirely self-determined, free from any time constraints." *Id.*, at 12. The Court agrees.

Here, Dr. Amy Hamilton, Ph.D., opined that Plaintiff had a mild limitation in concentrating, persisting, or maintaining pace, and that "[i]deally, [Plaintiff's] job would involve completion of a specific task, independent of time, rather than tasks that require speed." *See* Tr. 907, 910. The ALJ found Dr. Hamilton's opinion "generally persuasive." Tr. 928. The ALJ observed that Dr. Hamilton concluded that Plaintiff "has deficiencies in concentration, but she rejected the assertion that [Plaintiff] is markedly impaired in this domain" and that "mental status examinations generally depict [Plaintiff's] concentration as being within normal limits." Tr. 928. The ALJ noted Dr. Hamilton's findings that Plaintiff's "persistence and pace may be affected by prescribed medications, as [Plaintiff] has presented as fatigued and somnolent while on benzodiazepines" and he "required repetition of questions while on prescribed medications, which has affected his memory." Tr. 928. The ALJ found Dr. Hamilton's findings to be "generally consistent with the evidence of record." Tr. 928. The ALJ concluded that in light of Dr. Hamilton's findings and the overall evidence of record, Plaintiff "can work at a consistent pace throughout the workday, but not at a production rate pace. Examples of *production rate pace* work include work on an assembly line or work involving monthly or hourly quotas." Tr. 928.

To be sure, the ALJ is "not required to accept all of the conclusions and limitations set forth in a medical source opinion." *Calvert v. Kijakazi*, No. 5:21-1358-KDW, 2022 WL 2800907, at *7 (D.S.C. July 18, 2022). Pursuant to SSR 96-8p, an ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7. "If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Id.*

However, in contravention of SSR 96-8p, the ALJ provided no explanation for the conflict between Dr. Hamilton's persuasive opinion and Plaintiff's RFC. *See* SSR 96-8p, 1996 WL 374184, at *7. For example, as written, the Court cannot reconcile the portion of Dr. Hamilton's opinion discussing Plaintiff's limitation to "completion of a specific task, independent of time, rather than tasks that require speed" with the RFC provision limiting Plaintiff to "work at a consistent pace throughout the workday, but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas[.]" *See* Tr. 910. For example, the ALJ's RFC assessment restricts Plaintiff from performing at a production rate pace; however, Dr. Hamilton's

limitation imposes a more restrictive provision limiting Plaintiff to performing tasks "independent of time" altogether. As such, the ALJ provided no explanation for the RFC's departure from the "independent of time" task completion limitation opined by Dr. Hamilton, who the ALJ found "generally persuasive." This discrepancy deprives the ALJ's decision of the requisite "logical bridge" between the evidence and the RFC that would allow this Court to trace the ALJ's reasoning. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The Court cannot conclude that this error was harmless. A vocational expert testified that "an individual's off-task or production rate should not exceed 15%" to be tolerable by a hypothetical employer. Tr. 1176. Given this testimony, an analysis that properly accounts for Dr. Hamilton's opinion may produce an RFC that precludes Plaintiff from performing jobs existing in the national economy. The Court must therefore remand this case to ensure that Plaintiff's RFC is assessed in accordance with SSA policy.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.   CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge